UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLIFFORD DRAKE,

      Plaintiff,

vs.

CITY OF DETROIT, et al.,

      Defendants.

_____/

Civil Action No.
02-CV-74797-DT

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR
RECONSIDERATION, DENYING PLAINTIFF'S MOTION FOR AN
ENLARGEMENT OF TIME, DENYING PLAINTIFF'S MOTION FOR
AMENDMENT OF PLEADINGS TO CONFORM WITH THE EVIDENCE, and
ORDER OF DISMISSAL**

This matter is presently before the court on (1) plaintiff's motion for reconsideration [docket entry 113]; (2) plaintiff's motion for enlargement of time [docket entry 116]; and (3) plaintiff's motion for amendment of pleadings to conform with the evidence [docket entry 114]. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide these motions without oral argument. Accordingly, the hearing scheduled for May 24, 2006, is canceled.

This is a police misconduct action in which plaintiff alleges that officers used excessive force against him, arrested him without probable cause, deprived him of medical care, conspired to bring false criminal charges against him, and violated his constitutional rights in various other ways. The city allegedly failed to train or supervise the officers.

On April 3, 2006, the court held a hearing on defendants' motion for summary judgment. At the conclusion of the hearing, the court made a bench ruling granting the motion in part, denying the motion in part, and directing plaintiff's and defendants' counsel to brief the issue

of whether plaintiff had alleged a claim for malicious prosecution and, if so, whether the claim was sustainable in light of the fact that a state district judge found probable cause at the preliminary examination and bound the case over for trial. The court's bench ruling was incorporated in a written order that was entered on April 10, 2006.

On April 25, 2006, plaintiff filed a motion for reconsideration. The motion is denied because it was not filed within ten days of entry, as required by E.D. Mich. LR 7.1(g)(1). As the court's order was entered on April 10, either party could seek reconsideration no later than ten business days thereafter – i.e., by April 24. Plaintiff missed this filing deadline by one day.

Even if the motion had been timely filed, the court would deny it on the merits. Plaintiff errs in arguing that his § 1983 and § 1985 claims not time barred. These claims are subject to a three-year limitations period, *see Baker v. Smith*, 72 Fed Appx 339, 341 (6th Cir.2003); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir.1986), and the statute of limitations "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). In the present case, plaintiff commenced suit by filing his complaint in Wayne Circuit Court on November 6, 2002. Therefore, any causes of action which accrued before November 6, 1999, are time barred.

Plaintiff was arrested on November 4, 1998. His excessive force claim accrued on that date and is clearly time barred. Plaintiff's claim for false imprisonment fails because a state district judge at the preliminary examination found probable cause for the arrest, and under the Rooker-Feldman doctrine this court may not disturb that finding. The claims against the city did not accrue, as plaintiff contends, "after the release and disclosure of the Justice Department investigation of the Detroit Police Department in 2002." Under *Collyer*, plaintiff had a duty to

2

exercise due diligence to discover this claim without relying on third parties, including the Justice Department, to do so for him. In short, plaintiff's untimely motion offers no convincing reason why the court should reconsider its earlier ruling.

Plaintiff's "motion for enlargement of time" is also denied. In this motion, which was filed on April 28, 2006, plaintiff "prays for an enlargement of time until May 10, 2006, in which to file a Motion for Reconsideration and to meet the briefing deadline set forth in the April 10th Order." The basis of the motion, while unclear, appears to be that plaintiff needs additional time to obtain the deposition transcript of his expert, whose deposition was completed on April 24, 2006. Plaintiff does not explain, and the court cannot fathom, why this or any other deposition transcript is needed to support a motion for reconsideration of the court's April 10, 2006, order, or to comply with the deadline specified in that order for the submission of supplemental briefs on the issue of whether plaintiff has alleged a claim for malicious prosecution and whether such a claim is sustainable. No deposition transcripts or other evidence are needed in order to address this issue. Plaintiff has failed to show cause for the requested enlargement of time, and the request is therefore denied.

In his "motion for amendment of pleadings to conform with the evidence," plaintiff appears to concede that he never properly alleged malicious prosecution. Rather than comply with the court's order requiring him to brief whether he has alleged a claim for malicious prosecution and, if so, whether such a claim is sustainable, plaintiff now requests that he "be allowed to amend the pleadings in avoidance of summary judgment, alleging claims of liability for malicious prosecution, abuse of process, false imprisonment, and duty to conduct a fair and impartial investigation under 42 USC 1983, 1985 and 1986."

The court has already granted summary judgment for defendants on plaintiff's § 1983

3

and § 1985 claims.  Summary judgment cannot be "avoided" retroactively as to these claims. Plaintiff's remedy is to seek reconsideration, which fails for the reasons indicated above, or to seek relief in the court of appeals at the appropriate time.  Plaintiff is not actually seeking to amend the complaint to conform with the evidence, but to revive claims he has lost on summary judgment.  The motion to amend is denied as to the § 1983 and § 1985 claims on this basis.

Plaintiff's request to amend in order to assert a claim under § 1986 is denied because doing so would be futile.  While plaintiff quotes the first half of this section in his brief, he neglects to quote from the final sentence of the section, which states: "But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."  The court has already granted summary judgment on the § 1983 and § 1985 claims, which are subject to a three-year limitations period.  Summary judgment would necessarily be granted for defendants on a § 1986 claim, which is subject to a one-year limitations period.

The other claims plaintiff seeks to assert (malicious prosecution, abuse of process, and false imprisonment) sound in state law.  Now that the court has granted summary judgment for defendants on plaintiff's federal claims, and plaintiff has not persuaded the court that this ruling was erroneous, the court shall dismiss without prejudice the only remaining claim, which is for intentional infliction of emotional distress against the individual defendants (Count II).  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  If plaintiff elects to pursue this claim in state court, he may apply in that forum for leave to assert the other above-mentioned tort claims.

Accordingly,


IT IS ORDERED that plaintiff's motion for reconsideration [docket entry 113] is

4

denied.

IT IS FURTHER ORDERED that plaintiff's motion for enlargement of time [docket entry 116] is denied.

IT IS FURTHER ORDERED that plaintiff's motion for amendment of pleadings to conform with the evidence [docket entry 114] is denied.

IT IS FURTHER ORDERED that the May 24, 2006, hearing is canceled.

IT IS FURTHER ORDERED that the only remaining claim (Count II, intentional infliction of emotional distress, against the individual defendants) is dismissed without prejudice.

                                            s/Bernard A. Friedman
Dated: May 16 2006                          BERNARD A. FRIEDMAN
       Detroit, Michigan                    CHIEF UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document
was served this date upon counsel of record
electronically and/or via first-class mail.

       /s/ Patricia Foster Hommel
          Patricia Foster Hommel
       Secretary to Chief Judge Friedman